# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANA FITZER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2245-KHV |
| WYANDOTTE CENTER FOR COMMUNITY ) | |
| BEHAVIORAL HEALTHCARE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Dana Fitzer brings suit against the Wyandotte Center for Community Behavioral Healthcare alleging discrimination and retaliation in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. On May 14, 2010, defendant filed a motion for summary judgment. See Doc. #48. Pursuant to D. Kan. Rule 6.1(d)(2), plaintiff had 21 days, until June 4, 2010, to respond.[1] Plaintiff failed to file a response on or before June 4, 2010. This matter is before the Court on Plaintiff's Motion To Extend Time To File Response On Summary Judgment Or File Out Of Time (Doc. #55) filed June 18, 2010.

Plaintiff asks the court for an extension of time to file a response because (1) the failure to file a timely response was due to plaintiff's counsel's work load and inadvertent error; (2) plaintiff is acting in good faith; and (3) the delay will not impact the judicial proceedings.

Under D. Kan. Rule 7.4, the failure to file a response within the time specified under Rule 6.1(d) waives the right to later file such brief or memorandum absent a showing of excusable neglect.

---

[1] D. Kan. Rule 6.1(d)(2) states in pertinent part:

Responses to motions to dismiss or for summary judgment must be filed and served within 21 days.

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). In determining whether plaintiff has shown excusable neglect, the Court considers all relevant circumstances including (1) the danger of prejudice to defendant; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay, including whether it was within plaintiff's reasonable control and (4) whether plaintiff acted in good faith. See id. at 395. Considering these factors, the Court finds that the failure to file a timely response was entirely within the control of plaintiff's counsel. On the other hand, the extension will not prejudice defendant or materially delay the proceedings.[2] Likewise, the Court has no reason to believe that plaintiff or her attorney acted in bad faith. On this occasion, because the extension sought is relatively short and will occasion no prejudice to defendant or the judicial process, the Court sustains plaintiff's motion for an extension of time to file a response to defendant's motion for summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Extend Time To File Response On Summary Judgment Or File Out of Time (Doc. #55) filed June 18, 2010 is hereby sustained. On or before June 25, 2010, plaintiff shall file its response to defendant's motion for summary judgment.

Dated this 22nd day of June, 2010, at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge

---

[2] Defendant argues that it will be prejudiced because Wyandotte Center's lawyers have trials in other matters set throughout the remainder of 2010, and if plaintiff's request for an extension is granted, the trial date will likely have to be moved. The trial date is set for September 13, 2010, and this ruling does not alter the trial date.